IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LILLIAN VIDAL,<br><br>      Plaintiff,<br><br>    v.<br><br>BURLINGTON COAT FACTORY WAREHOUSE CORPORATION,<br><br>      Defendant. | CIVIL ACTION<br><br>NO. 23-4718-KSM |

**MEMORANDUM**

**MARSTON, J.**                                                                                                       **February 28, 2024**

      Plaintiff, a resident of York, Pennsylvania, filed this lawsuit against Burlington Coat Factory Warehouse Corporation alleging that she sustained injuries after she fell in front of Defendant's store in York, Pennsylvania. Before the Court is Defendant's unopposed motion to transfer this case to the United States District Court for the Middle District of Pennsylvania ("Middle District") pursuant to 28 U.S.C. § 1404(a). (Doc. No. 16.) For the reasons discussed below, the motion is granted.

    **I.**    **Background**

      On November 3, 2021, Plaintiff alleges that she tripped and fell over an "unopened sidewalk sign in the immediate vicinity of the entrance/exit" of Defendant's store then located at 2801 E. Market Street York, Pennsylvania. (Doc. No. 1, Ex. A at ¶¶ 6–7.) Plaintiff sustained numerous injuries, including a tear of her left rotator cuff. (*Id.* at ¶ 7.) Plaintiff filed suit in the Court of Common Pleas of Philadelphia County, bringing forth a single claim of negligence. (*Id.*) Defendant subsequently removed the case to this Court (Doc. No. 1), and now moves to

transfer this case to the Middle District.  (Doc. No. 16.)  Plaintiff informed the Court both at a status conference and through written correspondence that she does not object to this motion.

**II.     Discussion**

"In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995).  Section 1406(a) obligates the Court to transfer or dismiss a case in which venue was laid "in the wrong division or district."  28 U.S.C. § 1406(a).  In other words, "[s]ection 1406(a) . . . applies where the original venue is improper."  *Jumara*, 55 F.3d at 878.  In contrast to § 1406(a), "[s]ection 1404(a) provides for the transfer of a case where both the original and the requested venue are proper."  *Id.*  This provision permits a district court, for the convenience of the parties and witnesses and in the interest of justice, to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  *See* 28 U.S.C. § 1404(a).

Here, this Court, sitting in the Eastern District of Pennsylvania, is a proper venue under 28 U.S.C. § 1441(a) because we are the "district and division embracing" the Philadelphia Court of Common Pleas, where this suit was originally brought.  28 U.S.C. § 1441(a); *cf. Chesapeake Thermite Welding v. R.R. Sols., Inc.*, No. 1:22-CV-02004, 2024 WL 387687, at *5 (M.D. Pa. Jan. 31, 2024) ("[T]he applicable venue provision in a removed action is 28 U.S.C. § 1441(a)." (internal citations omitted)).  Thus, as Defendant implicitly acknowledges, transfer under 28 U.S.C. § 1406(a) is unavailable and the Court will proceed to analyze this motion under the standard set forth in § 1404(a).

In considering a motion to transfer under § 1404(a), we must conduct a two-part analysis.  First, the Court must decide whether the district to which the movant seeks to transfer the case is

a proper venue. *See Madrazo v. Welcome Hotel Grp., LLC*, No. CV 18-0427, 2018 WL 1942369, at *1 (E.D. Pa. Apr. 25, 2018) ("First, both the original venue and the requested venue must be proper." (citing *Jumara*, 55 F.3d at 878)); *Gold Line, Inc. v. Ourbus, Inc.*, No. 3:20-CV-02015, 2022 WL 16554992, at *16 (M.D. Pa. Oct. 31, 2022) (providing that the Court must first determine whether "the case [could] have been brought in the transferee district in the first instance"). "To determine whether venue would have been proper in the proposed transferee district if brought there in the first instance, the Court looks to 28 U.S.C. § 1391(b)." *Gold Line, Inc.*, 2022 WL 16554992, at *16. Second, the Court must apply the various public and private factors set forth by the Third Circuit in *Jumara v. State Farm Insurance Co.*, 55 F.3d 873 (3d Cir. 1995) to determine "which forum is the most appropriate to consider the case." *Gold Line, Inc.*, 2022 WL 16554992, at *16 (quoting *York Grp. Inc.*, 2014 WL 3735157, at *2). The private interest factors *Jumara* directs the Court to consider are: (1) the "plaintiff's forum preference as manifested in the original choice"; (2) the defendant's forum preference; (3) "whether the claim arose elsewhere"; (4) "the convenience of the parties as indicated by their relative physical and financial condition"; (5) "the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; and (6) "the location of books and records (similarly to the extent that the files could not be produced in the alternative forum)." 55 F.3d at 879. The public interest factors, on the other hand, include: (1) "the enforceability of the judgment"; (2) "practical considerations that could make the trial easy, expeditious, or inexpensive"; (3) "the relative administrative difficulty in the two fora resulting from court congestion"; (4) "the local interest in deciding local controversies at home"; (5) "the public policies of the fora"; and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." *Id.* at 879–80.

As to the first step of the analysis, the Court finds that the Middle District is a proper venue for this suit. The relevant venue statute, 28 U.S.C. § 1391(b), provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Here, since all the events at the center of this case occurred within York, Pennsylvania, venue is properly laid in the Middle District under the latter provision. *See Madrazo*, 2018 WL 1942369, at *3 (finding venue proper in New Jersey where the plaintiff endured a fall while on the defendant's property in New Jersey).

The Court therefore turns to the second step of the analysis and will consider whether the private and public factors discussed above support transferring this case to the Middle District. The Court addresses each in turn.

**A. Private Factors.**

The Court turns first to the private factors. As to the first factor—Plaintiff's chosen forum—while Plaintiff did not file her suit in this Court, she chose to file her complaint in the Philadelphia Court of Common Pleas, suggesting that this Court was her forum of preference for a federal suit. *Sisti v. Norfolk S. R.R. Corp.*, No. CV 23-3052, 2023 WL 7110701, at *2 (E.D. Pa. Oct. 26, 2023) ("Although the [plaintiffs] did not choose to be in federal court in the Eastern District, they did choose this forum by filing their lawsuit in the Philadelphia County Court of Common Pleas."). While Plaintiff's preference is typically afforded significant weight, *see Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970), this weight does not attach where the chosen "forum does not have any connection with the operative facts of the lawsuit, and Plaintiff does not reside in this District." *Madrazo*, 2018 WL 1942369, at *3; *see also Khaaliq v.*

*Pa. State Univ.*, No. Civ.A. 02-CV-480, 2002 WL 1042349, at *2 (E.D. Pa. May 23, 2002) (holding that "a plaintiff's choice receives less weight where none of the operative facts occurred in the selected forum," and that such "deference is also reduced where the lawsuit is initiated outside the forum in which the Plaintiff is a resident" (internal quotation marks omitted)); *Aamco Transmission Inc. v. Johnson*, 641 F. Supp. 2d 464, 466 (E.D. Pa. 2009) ("Notably, . . . when a plaintiff has not brought suit in his home forum and the cause of action did not occur in the forum, [his] choice is given less weight."). Here, Plaintiff has not only consented to this motion to transfer—suggesting either that her preference has changed or is not strongly held—but also, all the operative facts occurred in York, Pennsylvania, which is located in the Middle District. Indeed, Plaintiff lives in the Middle District, sustained her fall at Defendant's store then located in the Middle District, and appears to have received treatment for her injuries in the Middle District. (Doc. No. 1, Ex. A at ¶¶ 6–7; Doc. No. 16 at 8–9.)[1] Thus, the first factor favors granting the motion to transfer.

The second factor, which considers the Defendant's venue preference, also favors transfer. As Defendant has indicated in their motion to transfer, they have a preference toward litigating this case in the Middle District, where the store at issue and its employees were located. (Doc. No. 16 at 8.)

Regarding the third factor—whether the claim arose elsewhere—as discussed above, Plaintiff's claim relates entirely to conduct that occurred in York, Pennsylvania. This was where Plaintiff sustained her fall, where she received treatment for her injuries, and where she currently resides. (Doc. No. 16 at 8–9.) Since Plaintiff has not pled any facts relevant to this litigation

---

[1] Because Defendant combined multiple documents into a single docket entry, for ease of reference, the Court adopts the pagination assigned by the CM/ECF docketing system except when referring to specific paragraph numbers.

that occurred in the Eastern District, the Court finds that the third factor weighs heavily in favor of granting the motion to transfer. *See Hamilton v. Nochimson*, No. CIV.A. 09-CV-2196, 2009 WL 2195138, at *3 (E.D. Pa. July 21, 2009) ("When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer."); *Sisti*, 2023 WL 7110701, at *3 ("When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." (quoting *Cancer Genetics, Inc. v. Kreatech Biotechnology, B.V.*, No 07-0273, 2007 WL 4365328, at *5 (D.N.J. Dec. 11, 2007)).

The fourth factor requires the Court to consider "the convenience of the parties as indicated by their relative physical and financial condition." *Jumara*, 55 F.3d at 879. Here, the Middle District appears to be the more convenient forum for both parties. Plaintiff is resident of York (*see* Doc. No. 1, Ex. A (indicating in the Complaint that Plaintiff resides in York)) and while Defendant has stores in both districts, the employees of the store at issue are also located in York. (Doc. No. 16 at 8; *id*, Ex. B).[2] The only conceivable fact pulling this case toward the Eastern District is that both parties' counsel are located in Philadelphia. But "[t]he convenience of counsel is not a factor to be considered" when evaluating a motion to transfer. *Leatherman v. Cabot Oil & Gas Corp.*, 2013 WL 1285491, at *3 (E.D. Pa. Mar. 29, 2013). Thus, the fourth factor favors granting Defendant's motion.

The next factor to consider is the availability of witnesses. This factor only comes into play if the witnesses would be "unavailable for trial in one fora." *Jumara*, 55 F.3d at 879. Defendant points out that York is roughly 100 miles away from this courthouse. (Doc. No. 16,

---

[2] Defendant has also indicated that they might join the landlord of their York store, who is a Missouri limited partnership with a registered agent in Pittsburgh, PA. (Doc. No. 16 at ¶¶ 8–9.) While not based in the Middle District, given that they oversee a property in the area, such venue would likely be more convenient for them than the Eastern District.

Ex. C (indicating that the store location was 99.2 miles away from Philadelphia).  While the Court recognizes that traveling roughly 100 miles would be burdensome for the witnesses who reside in the Middle District, this factor cannot weigh in favor of transfer as a matter of law because, under the Federal Rules of Civil Procedure, as residents of Pennsylvania, these witnesses would likely still be available for a trial in the Eastern District.  *See* Fed. R. Civ. P. 45(c)(1)(B) (providing that a subpoena may command person to attend trial in their home state if attendance would not cause "substantial expense"); *see also Sisti*, 2023 WL 7110701 at *2 ("Although the Court recognizes the additional burden that traveling to the Eastern District may have on Middle District-based witnesses, this factor does not, as a matter of law, weigh in favor of transfer because the witnesses would be available in the Eastern District."); *Aouad v. Machado*, No. CV 23-1731, 2023 WL 5339615, at *4 (E.D. Pa. Aug. 18, 2023) ("Defendants have made no effort to show that the witnesses would be unavailable for trial in the Eastern District of Pennsylvania.  As noted, this factor contemplates the unavailability of the witnesses, not 'simply that the forum is inconvenient for the witnesses.'" (quoting *Askew v. CSX Transp., Inc.*, No. CIV. A. 05-CV-5915, 2008 WL 4347530, at *2 (E.D. Pa. Sept. 22, 2008)).  Since the witness would likely be available in both venues, the Court finds this factor neutral.

      Finally, the sixth factor requires the Court to consider "the location of books and records."  *Jumara*, 55 F.3d at 879.  "[T]echnological advances of recent years have significantly reduced the weight of this factor," *Lomanno v. Black*, 285 F. Supp. 2d 637, 647 (E.D. Pa. 2003), and here, the parties have not suggested that any documents would be unavailable if this case were to be tried in the Eastern District.  However, Defendant has noted that the premises at issue is in York, and if the parties wanted to show the premises to the jury, they would be unable to do

7

so.  (Doc. No. 16 at 8.)  Given the central importance of the store and surrounding area, the Court finds that this factor weighs slightly in favor of transferring this case to the Middle District.

**B. Public Factors.**

The Court turns next to the public factors and finds that these too largely weigh in favor of transferring this matter to the Middle District.

As an initial matter, the Court finds that the first, fifth, and sixth public factors are neutral because a "judgment in the Eastern District is equally enforceable in the Middle District," "judges in each district are familiar with Pennsylvania law," and the Court is not aware of any particularly strong public policies creating a preference for one forum over the other.  *Sisti*, 2023 WL 7110701, at *2.

Turning to the second public factor, which requires review of the "practical considerations that could make the trial easy, expeditious, or inexpensive," *Jumara*, 55 F.3d at 879, the Court finds that this factor points in favor of this case being transferred to the Middle District.  It is true that any potential expense and delay incurred by litigating this case in the Eastern District will not be too severe given the proximity of the Middle District and Eastern District.  *See Aouad*, 2023 WL 5339615, at *4 ("When districts are in close proximity, courts are less concerned that a trial in one district will be more expeditious or less expensive than the other").  Nevertheless, given the location of the store, parties, and witnesses, the Court finds it would be at least slightly easier and less expensive if this case were litigated in the Middle District.  *See Sisti*, 2023 WL 7110701, at *4 (finding this factor weighs in favor of transferring because "the federal courthouse in [the Middle District] is more accessible and convenient for

witnesses and would reduce expenses associated with litigation"). Thus, this factor weighs slightly in favor transferring this case.[3]

Next, the Court finds that the third factor, which considers the relative congestion of the two courts' dockets, weighs against transfer. While the Middle District has fewer cases than the Eastern District in total, its docket is busier on a per judge basis than the Eastern District's. *See* Federal Court Management Statistics: U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics (June 30, 2023), available at https://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2023/06/30-1 (reporting that, over a 12-month period, the Middle District averaged 618 cases per judge while the Eastern District averaged 371 cases per judge). Nevertheless, as other courts have recognized, "[a]lthough the relative congestion of court dockets may be evaluated in a motion to transfer, it generally is not a factor worthy of great weight." *Penda Corp.*, 2004 WL 2004439, at *3. Thus, this factor weighs only slightly against transferring this case.

And finally, the Court finds that the fourth factor, which considers the "local interest in deciding local controversies at home," weighs in favor of transferring this case. Whereas the "citizens and courts in the Middle District have an interest in resolving disputes that arose there," *Sisti*, 2023 WL 7110701, at *3, the Eastern District's interest is tenuous at best. Indeed, the only connection the Eastern District has to this matter is that Defendant operates other stores in this area. Since the Middle District has a relatively greater interest in resolving this dispute, the Court finds that this factor weighs in favor of transferring this matter.

\* \* \*

---

[3] The Court also notes that the case has not progressed far since it has been in this Court. Thus, any concern over lost judicial efficiency is negligible.

Taken together, across the public and private considerations, seven factors weigh in favor of granting Defendant's motion to transfer, one weighs against the motion, and four are neutral. On balance, the Court finds that transferring this case to the Middle District would be both "in the interest of justice" and convenient for the parties and witnesses.  28 U.S.C. § 1404(a).

### III.   Conclusion

For the reasons set forth above, the Court grants Defendant's motion to transfer this case to the Middle District of Pennsylvania.  An appropriate Order follows.